IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATIE DINTELMAN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-945-GPM ) |
| KELLOGG COMPANY, a Delaware corporation, KELLOGG USA, INC., a Michigan corporation, KELLOGG SALES COMPANY, a Delaware corporation, and 1-100 DOES, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction in the complaint in this cause (Doc. 2). *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted). Plaintiff Katie Dintelman brings this action against Defendants Kellogg Company ("Kellogg"), Kellogg USA, Inc. ("Kellogg USA"),

Kellogg Sales Company ("Kellogg Sales"), and 1-100 Does challenging the advertising of a children's breakfast cereal product manufactured and distributed by Defendants. Dintelman's complaint asserts claims on behalf of herself and a proposed class of Illinois residents for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, unjust enrichment, and common-law fraud. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

Under the CAFA federal courts have jurisdiction, with specified exceptions, *see* 28 U.S.C. § 1332(d)(3), (d)(4), (d)(5), (d)(9), as to class actions, including putative class actions, commenced on or after February 18, 2005, in which claims are asserted on behalf of one hundred or more class members, at least one class member is a citizen of a state different from at least one defendant or, alternatively, at least one class member is a foreign state or a citizen or subject of a foreign state and at least one defendant is a citizen of a state (and vice versa), and the class claims exceed in the aggregate $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(1)(D), (d)(2), (d)(5)(B), (d)(6), (d)(7), (d)(8); *Cunningham Charter Corp. v. Learjet, Inc.*, No. 09-8042, 2010 WL 199627, at **1-2 (7th Cir. Jan. 22, 2010); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 4730957, at *1 (S.D. Ill. Dec. 8, 2009); *Baker v. Acer Am. Corp.*, Civil No. 09-885-GPM, 2009 WL 3681865, at *1 (S.D. Ill. Nov. 3, 2009); *Springman v. AIG Mktg., Inc.*, No. 07-737-GPM, 2007 WL 3406927, at *2 (S.D. Ill. Nov. 14, 2007); *Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 772 (S.D. Ill. 2006); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006

WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4). Dintelman, as the proponent of federal subject matter jurisdiction in this instance, bears the burden of proof as to the existence of such jurisdiction. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-48 (7th Cir. 2005); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 251 (7th Cir. 1981); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009).

It appears from the operative complaint in this case that this is a putative class action commenced after the effective date of the CAFA in which the proposed class is alleged to contain one hundred or more members and the claims of the proposed class are alleged to total in the aggregate an amount in excess of $5 million, exclusive of interest and costs. *See* Doc. 2 at 1 ¶ 1. Unfortunately, minimal diversity of citizenship is not properly alleged. According to the complaint, Kellogg is a corporation incorporated under Delaware law with its principal place of business in Michigan, *see* Doc. 2 at 4-5 ¶ 13, and therefore Kellogg is a citizen of Delaware and Michigan for purposes of federal diversity jurisdiction under the CAFA. *See* 28 U.S.C. § 1332(c)(1); *Havron v. AT & T, Inc.*, Civil No. 09-1040-GPM, 2009 WL 5030760, at *2 (S.D. Ill. Dec. 16, 2009); *Roche v. Country Mut. Ins. Co.*, Civil No. 07-367-GPM, 2007 WL 2003092, at *2 n.2 (S.D. Ill. July 6, 2007).[1] However, Dintelman, like the members of the proposed class, is alleged only to be a resident of

---

1.  Kellogg USA is alleged to be a corporation incorporated under Michigan law with its principal place of business in Michigan and thus is a Michigan citizen for diversity purposes, while Kellogg Sales is alleged to be a corporation incorporated under Delaware law with its principal place of business in Michigan and thus is a citizen of Delaware and Michigan for diversity purposes. *See* Doc. 2 at 5 ¶¶ 14-15. Although ordinarily in a complaint filed originally in federal court the citizenship of Doe parties must be taken into account for purposes of diversity jurisdiction, because the CAFA requires only minimal diversity of citizenship the Court does not inquire as to the citizenship of the 1-100 Does named as Defendants in Dintelman's complaint. *See Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768, 771 n.1 (S.D. Ill. 2009).

Illinois. *See* Doc. 2 at 4 ¶ 12, 10 ¶ 29. Of course, "[t]o invoke federal diversity jurisdiction, a natural person must be alleged to be a citizen, not a resident, of a state." *Adams v. Purves*, Civil No. 10-55-GPM, 2010 WL 378422, at *1 (S.D. Ill. Jan. 27, 2010). Thus, "allegations of residence are insufficient to establish diversity jurisdiction." *Id.* (quoting *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998)). Dintelman must amend her complaint to allege that she or a member of the proposed class is a citizen of Illinois, not a resident of Illinois.

To conclude, Dintelman is **ORDERED** to file a first amended complaint properly alleging that she or a member of the proposed class is a citizen of Illinois, not a resident of Illinois, so as to invoke minimal diversity of citizenship under the CAFA not later than 12:00 p.m. on Friday, February 19, 2010. Failure by Dintelman to file a first amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction. *See, e.g., Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4544393, at *1 (S.D. Ill. Dec. 1, 2009); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[2]

**IT IS SO ORDERED.**

DATED: February 12, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. As a final matter, the Court notes that the jurisdictional allegations of Dintelman's amended complaint must be made on personal knowledge, not information and belief. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ellis v. Hansen & Adkins Auto Transp.*, Civil No. 09-677-GPM, 2009 WL 4673933, at *2 n.2 (S.D. Ill. Dec. 4, 2009).